IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANTEL MCNAIR, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:22-cv-3516-AT |
| : | |
| CARTER AND LITTLE : | |
| INVESTMENT GROUP, LLC d/b/a : | |
| Fusion Sports Bar & Grill, KELVIN : | |
| CARTER, and K CARTER : | |
| ENTERPRISES : | |
| : | |
| Defendants. : | |

**ORDER**

Before the Court are Plaintiffs' Motions for Default Judgment, [Docs. 37, 45], against Defendants Carter and Little Investment Group LLC, Kelvin Carter, and K Carter Enterprise LLC (collectively, the "Defendants"). For the reasons discussed below, Plaintiffs' Motions for Default Judgment, [Docs. 37, 45], are **GRANTED as to liability only**. The Court withholds judgment on the damages and fees to be awarded pending the outcome of mediation between the parties on the damages issue. *See* (Doc. 54).

## I.   Procedural History

On September 5, 2022, Plaintiffs Chantel McNair and Keneysha Banks filed an Amended Complaint, (Doc. 11), bringing a Fair Labor Standards Act ("FLSA")

collective action on behalf of themselves and other similarly situated former servers and bartenders at Fusion Sports Bar & Grill in Atlanta, Georgia. The Complaint alleged that Defendants failed to pay Plaintiffs minimum wage, in violation of 29 U.S.C. § 206; failed to properly pay overtime wage compensation, in violation of 29 U.S.C. § 207; and unlawfully retaliated against Plaintiffs after they engaged in activity protected under the FLSA, in violation of 29 U.S.C. § 215. In support, Plaintiffs provided consent-to-join forms from five other former Fusion employees (the "Opt-In Plaintiffs"): Lashae Maxwell, Brynne Pearl, Sydney Sheppard, Shamiyah Love, and Lashaydra Pittman. *See* (Docs. 11-3, 11-4, 11-5, 11-6, 11-7).[1]

Defendants Kelvin Carter and K Carter Enterprise LLC were served the Amended Complaint, (Docs. 21, 22), but failed to answer or otherwise respond. The Clerk thus entered default against them, and Plaintiffs moved for default judgment. [Doc. 37].

Although Carter and Little Investment Group LLC did answer Plaintiff's Amended Complaint, (Doc. 23), its counsel later withdrew from representation in this case, (Doc. 42). Carter and Little Investment Group was warned multiple times that, as a Limited Liability Corporation, it was required by Local Rule 83.1E(2)(b)(H) to retain replacement counsel or face the entry of a default judgment against it. *See* (Doc. 39; Doc. 41-1; 12/15/2023 Minute Order). Although

---

[1] In this Order, the Court will collectively refer to Plaintiffs McNair and Banks, as well as the Opt-In Plaintiffs, as the "Plaintiffs."

2

Carter and Little Investment Group was granted an extension of time to retain replacement counsel, (01/02/2024 Minute Order), no attorney ever appeared on its behalf. The Clerk thus entered default against Carter and Little Investment Group on January 16, 2024. (01/16/2024 Minute Order).

With all Defendants having defaulted, Plaintiffs again moved for default judgment—this time, against all defendants. [Doc. 45]. On April 16, 2024, the Court held a hearing on the Motions for Default Judgment, during which McNair, Banks, and the five Opt-In Plaintiffs testified. (Doc. 53). In support of their motions, Plaintiffs also provided declarations from McNair, Banks, and the Opt-In Plaintiffs, as well as records and documentation supporting the requested attorney's fees. (Doc. 52).

## II.   Legal Standard

A default under Fed. R. Civ. P. 55(a) constitutes admission of all well-pleaded factual allegations contained in the complaint and "severely limits the defendant's ability to defend the action." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec.*, 218 F. App'x at 863.

Thus, a grant of default judgment in favor of the plaintiff is only warranted under Rule 55(b)(2) if the allegations in the complaint state a substantive cause of action and there exists a sufficient basis in the pleadings for the judgment entered.

3

*Id.*; *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011); *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206. The legal standard on a motion for entry of default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). A motion for default judgment is therefore "like a reverse motion to dismiss for failure to state a claim." *Id.* (citing *Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 695 (5th Cir. 2015)).

In addition to the pleadings, a court considering a motion for default judgment may also rely on evidence such as affidavits and declarations. *Id.* Although an "evidentiary hearing is not a per se requirement" for a default judgment, *SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005), the Court conducted an evidentiary hearing regarding Plaintiffs' default judgment motions on April 16, 2024, (Doc. 53).

### III. Discussion

The material facts alleged in Plaintiffs' Amended Complaint state that Defendants were Plaintiffs' "employer" as defined in 29 U.S.C. § 203(d); Plaintiffs were "employees" of "an enterprise engaged in commerce" as defined in 29 U.S.C. §§ 203(e)(1), 203(s)(1); and that at all material times, Fusion Sports Bar & Grill's annual gross sales volume exceeded $500,000. *See* (Am. Compl., Doc. 11 ¶¶ 15–17, 19, 20–22).

Plaintiffs were "tipped employees," as defined by 29 U.S.C. § 203(t). *See* (Doc. 11 at ¶¶ 2, 3, 8). However, Defendants were not entitled to pay Defendants as little as $2.13 per hour under the "tip wage credit" because, among other things, they failed to provide Plaintiffs adequate notice of the tip credit provisions of 29 U.S.C. § 203(m)(2)(A). *See* (Doc. 11 ¶¶ 3, 6, 8, 9, 70, 71); *see also* 29 C.F.R. § 531.59(b). Thus, Defendants were required to pay Plaintiffs full minimum wage and overtime rates for all hours worked. *See* (*id.* ¶ 9).

With this foundation laid, the Court addresses the sufficiency of the specific allegations and declarations offered in support of Defendants' liability under Plaintiffs' FLSA claims.

### A. Minimum Wage, Overtime, and Retaliation Violations

The FLSA was enacted to protect the health, efficiency, and welfare of workers in the United States. It requires employers to pay employees a statutory minimum hourly wage of $7.25 and to pay overtime (time and a half) to employees who work more than forty hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). It also makes it unlawful for employers to discharge or otherwise discriminate against employees for asserting their rights under the statute. 29 U.S.C. § 215(a)(3).

An employer who violates the minimum wage, overtime wage, or antiretaliation provisions of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Spires v. Ben Hill County*, 980 F. 2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory

absent a showing of good faith" by an employer that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA). When a violation of the FLSA is shown, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("The language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'").

The well-pled allegations in Amended Complaint adequately establish that Defendants paid Plaintiffs less than the full minimum wage rate of $7.25 an hour for all tipped and non-tipped work. *See* (Doc. 11 ¶¶ 28, 29, 38, 47, 54–57, 65, 79). Instead, Plaintiffs were either not paid an hourly wage or only paid an hourly wage of $2.13. *See* (*id.*); *see also* (Pittman Decl., Doc. 37-4 ¶¶ 4, 7; Pearl Decl., Doc. 37-5 ¶¶ 4, 7; Sheppard Decl., Doc. 37-6 ¶ 5; Maxwell Decl. 37-7 ¶¶ 4, 5; Love Decl. 37-8 ¶ 4). The Amended Complaint and the submitted declarations also contain adequate bases for concluding that Defendants failed to pay Plaintiff Banks and Opt-In Plaintiff Maxwell the required time-and-a-half overtime wage during the weeks that they worked more than 40 hours per week. *See* (Doc. 11 ¶¶ 85–93; Maxwell Decl., Doc. 37-7 ¶¶ 7, 51). Accordingly, the Amended Complaint and the submitted declarations provide adequate bases to find that Defendants violated the relevant minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206(a), 207(a)(1).

### B. Retaliation

The well-pled allegations in the Amended Complaint and the submitted declarations also adequately establish that Defendants unlawfully retaliated against Plaintiffs McNair and Banks and Opt-In Plaintiffs Maxwell, Pittman, Pearl, Sheppard[2] by terminating their employment after they made complaints about their wages and/or participated in this lawsuit. *See* (Doc. 11 ¶¶ 95–99; Banks Decl., Doc. 37-3 ¶ 47; Pittman Decl., Doc. 37-4 ¶¶ 46–47, 49; Pearl Decl., Doc. 37-5 ¶¶ 46, 50; Sheppard Decl., Doc. 37-6 ¶ 4; Maxwell Decl., Doc. 37-7 ¶¶ 4, 41)

A plaintiff asserting a retaliation claim under the FLSA must demonstrate that "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employer's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). Here, Plaintiffs have met this burden.

Plaintiffs have established that, after receiving Plaintiff McNair's August 2022 demand letter, Defendants terminated her employment, (Doc. 11 ¶¶ 39, 98), and that days later, Defendants told Opt-In Plaintiffs Pittman and Pearl that they would no longer be allowed to work for Fusion because they joined this lawsuit, *see* (Pittman Decl., Doc. 37-4 ¶¶ 46–47, 49; Pearl Decl., Doc. 37-5 ¶¶ 46, 50). Likewise, Plaintiff Banks and Opt-In Plaintiffs Sheppard and Maxwell were terminated soon after complaining about their pay. *See* (Banks Decl., Doc. 37-3 ¶ 47; Sheppard Decl., Doc. 37-6 ¶ 4; Maxwell Decl., Doc. 37-7 ¶¶ 4, 41). The Court can thus

---

[2] Opt-In Plaintiff Love does not allege that Defendants retaliated against her.

7

conclude that Defendants violated the FLSA's antiretaliation provision, 29 U.S.C. § 215(a)(3).

## IV. Conclusion

Accordingly, the Amended Complaint's well-pled allegations—which Defendants have admitted to by default—and the submitted declarations provide sufficient bases to find that Defendants violated the minimum wage, overtime wage, and antiretaliation provisions of the FLSA.

The Court therefore **GRANTS** Plaintiffs' Motions for Default Judgment, [Docs. 37, 45], **as to liability only**. The Court withholds judgment on the damages and fees to be awarded pending the outcome of mediation between the parties on the damages issue. *See* (Doc. 54).

**IT IS SO ORDERED** this 23rd day of April, 2024.

_____
**Honorable Amy Totenberg**
**United States District Judge**